MURRAY ET AL., D. B. A. MURRAY & MURRAY, APPELLANTS, *v.* McCRYSTAL, JUDGE, APPELLEE.

(No. 690—Decided July 15, 1955.)

*Messrs. Murray & Murray,* for appellants.
*Mr. William E. Didelius,* for appellee.

MIDDLETON, J. This is an appeal from a judgment of the Probate Court of Erie County, dismissing plaintiffs' petition for a declaratory judgment. The petition was dismissed on motion of the defendant to strike for the reason that the petition was a frivolous pleading. From that judgment, an appeal is taken to this court.

Plaintiffs set out in their petition for a declaratory judgment that they are attorneys at law duly admitted to practice in the state of Ohio and are now engaged in the practice of law in the city of Sandusky, Ohio; and that under date of September 23, 1953, they filed a cause of action in the Common Pleas Court of Erie County, Ohio, known as *Fred A. Murphy* v. *Fred J. Soliday,* and that on January 31, 1955, the matter came on for hearing in the Common Pleas Court before Judge James L. McCrystal.

Plaintiffs say that during the *voir dire,* and while Thomas Murray was conducting the *voir dire,* he made a statement to the jury, in substance, as follows:

"Ladies and gentlemen of the jury, I believe the facts in this case will reveal that Fred J. Soliday on the day in question, June 11, 1953, was associated with the American Insurance Company (or, the correct name may be, the American Associated Insurance Companies) and that he was attending a convention at Cedar Point which, I believe, was a convention being held by the United Commercial Travelers."

Plaintiffs say further that there was an objection entered by counsel for the defendant, and a motion made for a mistrial, based upon the objection; that Judge McCrystal sustained the motion of the defendant (Soliday) and ordered a mistrial; that upon retrial their client will be faced with the same procedural question of whether it is error to make a statement to the jury relative to the occupation of the defendant in the manner and method in which it was made, and upon which the court ruled; that this and related questions are likely to occur again; and that it is to their interest as practicing lawyers and to the

interest of other practicing lawyers that a determination of the following questions be made by this court:

1. Where the defendant is an insurance broker and counsel for the plaintiff has knowledge of this fact, is there any impropriety and, if there is any impropriety, is it improper to the extent that it constitutes prejudicial error, for counsel for the plaintiff, in the *voir dire*, to make a statement to the effect that the defendant is associated with a particular insurance company and has his office in a particular building which happens to be the office building of the insurance company?

2. If counsel for the plaintiff has knowledge that a defendant in any case is an insurance broker, is there any impropriety and, if there is any impropriety, is it improper to the extent that it constitutes prejudicial error, for counsel to tell the jury that said defendant on the day in question, being the date of the accident, was in attendance at an insurance convention, this being a fact?

3. If counsel for the plaintiff, having knowledge that the defendant is an insurance broker for a given insurance company and occupies an office in the office building of said insurance company in a given city, during the *voir dire* so states these facts to the jury, is the common pleas judge justified in publicly declaring this statement made by counsel as misconduct by giving to both the radio reporter and the newspaper reporter a statement that the conduct of one of counsel for the plaintiff, in referring to the defendant as associated with a particular insurance company, constituted misconduct?

4. If this court should find that the common pleas judge was correct in his finding that the statement by one of plaintiff's counsel that the defendant was associated with an insurance company, such fact being true, constituted misconduct, would the common pleas judge be acting with proper decorum in advising both the newspaper and the radio reporter that the mistrial was declared "because of misconduct" of one of plaintiff's counsel, naming him, and that they were to publish this fact strictly in the context as given by the court?

5. If counsel for the plaintiff, having knowledge of the fact that a given defendant is an insurance broker and associated

with a certain insurance company and has his address at the building of said insurance company, so states to the jury, and if said conduct constitutes prejudicial error, does the common pleas judge who presides in said case have authority to or does he act with proper decorum and dignity when, before the determination of a mistrial is properly journalized or a hearing had upon a journal entry covering such fact situation, he gives to the newspaper and the radio station instructions to carry over the air and in the newspaper the fact that one of plaintiff's counsel was guilty of misconduct and that they were to publish this fact strictly in the context as given by the court?

Plaintiffs then state that a determination of one or more of the questions raised herein, by way of declaratory judgment, would terminate the uncertainty of Fred Murphy's rights and the rights of any and all other litigants that may arise under like or similar circumstances; and that it, likewise, would affect the professional rights of any and all lawyers actively engaged in the practice of law.

To plaintiffs' petition, defendant filed his motion to strike the petition from the files on the ground that it was frivolous and a sham. On consideration thereof, the Probate Court found that the petition was frivolous and defendant's motion to strike the same from the files was sustained.

Neither of the parties to the action in the Common Pleas Court are parties to the present action. This action is brought by counsel for plaintiff in the action in the Common Pleas Court, against the trial judge.

For their assignments of error, the plaintiffs claim that the judgment of the court is contrary to law and contrary to fact.

This appeal is on questions of law, and at the outset it must be borne in mind that the only question presented by this appeal is whether the action of the Probate Court in dismissing the petition was erroneous.

On this appeal we are not concerned with whether the defendant, as a trial judge in the case of *Fred A. Murphy* v. *Fred J. Soliday, supra*, committed error in sustaining the motion of the defendant for a mistrial, or whether remarks made to rep-

resentatives of the press and radio at the time of the trial were proper or improper. These questions are not here for decision. We are, in this cause, concerned with whether the petition for a declaratory judgment was properly filed in the Probate Court; whether the Probate Court has jurisdcition of the cause; whether the matters set out in the petition are subject to a declaratory judgment; and whether the Probate Court committed error in sustaining the motion of the defendant to strike the petition from the files as a frivolous pleading.

Section 2721.02, Revised Code, reads:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

Section 2721.06, Revised Code, reads:

"Sections 2721.03 to 2721.05, inclusive, of the Revised Code do not limit or restrict the exercise of the general powers conferred in Section 2721.02 of the Revised Code in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Section 2721.07, Revised Code, reads:

"Courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding."

Section 2721.12, Revised Code, reads:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the Attorney General shall al-

so be served with a copy of the proceeding and shall be heard.''

The purpose of the Declaratory Judgments Act is to provide an immediate remedy for the solution of legal rights where a cause of action has not yet accrued or where such legal rights exist but must await some act by others or the passing of time before the right of action can be asserted.

By the averments of their petition, plaintiffs ask the Probate Court to pass upon the ruling of the Common Pleas Court upon a *voir dire* examination of a jury and, by declaration, to pass upon the correctness of the judge's ruling on a motion to declare a mistrial. Thus, plaintiffs ask the Probate Court to prescribe rules of procedure and to adjudicate questions of law which would bind the trial judge upon a subsequent trial of the action.

It is inconceivable to hold that a Probate Court, by a declaratory judgment, can prescribe such rules of procedure and regulate the actions of a Common Pleas Court in its rulings on questions of law during the trial of another cause then on trial in such court. The judge presiding at the trial in the Common Pleas Court must determine all such questions when they arise, and the Probate Court is without jurisdiction to control the future acts of such trial judge.

Questions numbered 3, 4 and 5, which the Probate Court is asked to answer, go to the propriety of the conduct of the common pleas judge, after declaring a mistrial, in advising a newspaper and a radio reporter that a mistrial was declared because of the misconduct of counsel and, in so doing, whether the common pleas judge was acting with proper decorum and dignity.

It is apparent that these questions do not set forth any legal controversy or the violation or threat of violation of any legal right. Plaintiffs attempt to secure from the Probate Court an expression or opinion as to the decorum and dignity to be observed by the common pleas judge, whoever that judge might be, upon any future hearing of the cause in the Common Pleas Court. For a court to hold that such questions present matters subject to determination in an action for declaratory judgment would be to reach the height of judicial absurdity.

A declaration by a court upon the questions presented would not terminate the controversy or remove any uncertainty, as set forth in Section 2721.06, Revised Code.

Considering the averments of the petition in the most favorable light to plaintiffs, the petition fails to set forth a semblance of a cause of action. The questions presented therein are academic and present no justiciable controversy. There is nothing in the petition to justify a judicial determination, by way of a declaratory judgment, of the matters therein set out.

The appellants argue that the court was in error in sustaining defendant's motion to strike the petition from the files on the ground that it is frivolous. They urge that the proper way to attack a petition as to substance is by demurrer and that failure of a petition to state a cause of action cannot be reached by a motion to strike.

"It has always been held that by virtue of its inherent power, a court has authority by summary means to prevent an abuse of its processes and peremptorily to dispose of causes of action or defenses that are sham, frivolous, or wholly vexatious. * * * The power to strike out a pleading as sham or frivolous will not, however, be exercised unless the pleading is clearly and palpably subject to the objection. * * * To meet the charge of frivolousness or irrelevancy, the pleading must be of that character in its entire scope and bearing, and not merely through a formal defect that might be cured by amendment." 41 American Jurisprudence, 527, Section 347.

"A motion lies to strike a pleading or separate part thereof on the ground that it is entirely frivolous or wholly irrelevant, especially where it cannot be amended so as to make the facts therein stated in any wise germane to the controversy; but a pleading cannot be stricken as frivolous or irrelevant unless it clearly appears to be so." 71 Corpus Juris Secundum, Pleading, 941, Section 459.

"A motion to strike a pleading on the ground that it is frivolous is very similar to a demurrer. In practice motions of this character are usually overruled if there is a semblance of the requisite allegations or averments. * * * If a pleading

is of such a character that there is not a semblance of a cause of action or defense stated, the trial court in its discretion may sustain the motion rather than relegate the party to a similar remedy by demurrer. Whether the question should be raised by motion or demurrer is largely within the discretion of the trial court. Each method goes to the same ultimate question." *Golay* v. *Zollinger*, 16 Ohio Law Abs., 387, at page 388.

In the instant case we have no difficulty in determining that the petition completely fails to state a cause of action subject to a declaratory judgment. The petition is not susceptible of amendment which would constitute a cause of action, and the Probate Court was justified in sustaining the motion to strike the petition from the files as 'frivolous.

We find no error in the ruling of the court, and its judgment is affirmed.

*Judgment affirmed.*

QUATMAN, P. J., and YOUNGER, J., concur.

QUATMAN, P. J., MIDDLETON and YOUNGER, JJ., of the Third Appellate District, sitting by designation in the Sixth Appellate District.