The State, ex rel. Stafford, Appellant, *v.*
Industrial Commission of Ohio et al., Appellees.

[Cite as State, ex rel. Stafford, *v.* Indus. Comm. (1989), 47 Ohio St. 3d 76.]

(No. 88-938 — Submitted September 12, 1989 — Decided December 13, 1989.)

*Stewart Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellees Industrial Commission et al.

*Bricker & Eckler* and *Charles D. Smith,* for appellee Buckeye International, Inc.

*Per Curiam.* For mandamus to issue, it must be demonstrated that: (1) the relator has a clear legal right to the relief requested; (2) respondents are under a clear legal duty to perform the

acts requested; and (3) relator has no plain and adequate remedy at law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 50-51, 451 N.E. 2d 225, 226-227. Adequate administrative remedies preclude mandamus relief. *State, ex rel. Bardo,* v. *Lyndhurst* (1988), 37 Ohio St. 3d 106, 112, 524 N.E. 2d 447, 453. Such a remedy, moreover, does not become inadequate merely because it is no longer available. *State, ex rel. Cartmell,* v. *Dorrian* (1984), 11 Ohio St. 3d 177, 179, 11 OBR 491, 493, 464 N.E. 2d 556, 559.

R.C. 4123.516 provides that:

"* * * The administrator, the claimant, or the employer may file an appeal to the commission from a decision of a regional board within twenty days after the date of receipt of the decision." Under this statute, appellant could have appealed the April 28, 1977 regional board's order finding Joann partially dependent. The record fails to indicate that she appealed that order. This failure to pursue what we perceive to have been an adequate administrative remedy precludes mandamus relief. Accordingly, for the reasons stated, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

MOYER, C.J., not participating.