GRAY, Appellant,

v.

WILLEY FREIGHTWAYS, INC. et al., Appellees.

[Cite as *Gray v. Willey Freightways, Inc.* (1993), 89 Ohio App.3d 355.]

Court of Appeals of Ohio,
Lucas County.

No. L-92-346.

Decided Aug. 13, 1993.

*Theodore A. Bowman,* for appellant.

*Robert Lynch* and *Steven Sterner,* for appellees.

HANDWORK, Judge.

This case arises out of a workers' compensation claim filed by appellant, Bennie Earl Gray, on October 28, 1987, due to injuries sustained while allegedly working for co-appellee, Willey Freightways, Inc. ("Willey"), on March 6, 1987. The Lucas County Court of Common Pleas dismissed appellant's complaint for

declaratory judgment under R.C. 4123.515 and 4123.516 and dismissed his request for injunctive relief, on the basis that the court lacked subject matter jurisdiction.

Appellant presents one assignment of error for this court's consideration:

"The trial court erred to the prejudice of the plaintiff-appellant in sustaining defendant-appellees' motions to dismiss."

Essentially, appellant asks this court to ascertain whether a court of common pleas has subject matter jurisdiction in a declaratory judgment action, deriving from an interlocutory order of the Industrial Commission of Ohio ("commission"), to determine a workers' compensation claimant's rights under R.C. 4123.515 and 4123.516.

The procedural history that led to this appeal is not disputed by any of the parties. In fact, in its answer, co-appellee, the commission, admits the proceedings and orders before the Bureau of Workers' Compensation ("bureau") and commission as alleged in appellant's complaint for declaratory judgment. Almost all of the history is clearly substantiated by documents found in the record. As noted below, this history is rather arduous and extensive.

On October 28, 1987, appellant filed a claim for benefits with the bureau and commission, alleging various injuries to his neck, left hip, and wrists as a result of a fall down an elevator shaft while in the employ of Willey. On October 25, 1988, a district hearing officer granted appellant the right to participate in the State Insurance Fund. However, on December 13, 1988 and February 15, 1989, the district hearing officer amended the previous order by finding Ohio's jurisdiction concurrent with Indiana and reducing appellant's compensation by the amounts paid by Indiana. Appellant appealed these two decisions by the district hearing officer to the Toledo Regional Board of Review ("board"). On September 6, 1989, the board affirmed the district hearing officer's amended order.

In February 1990, Willey filed a C–86 motion with the bureau and commission, requesting the commission to exercise its continuing jurisdiction pursuant to R.C. 4123.52 and to vacate the order of the district hearing officer and board. Willey sought remand to the district hearing officer for a determination of whether Ohio still had valid jurisdiction over appellant's claim, in light of evidence allegedly demonstrating that appellant had made material misrepresentations regarding his actual employer at the time he had suffered his injuries.

On May 31, 1990, the district hearing officer found that she had no jurisdiction to hear additional evidence regarding Willey's allegations of fraud. Upon appellant's appeal of this decision, the board, on November 14, 1990, modified the prior order, finding that the officer had proper jurisdiction to hear the issue of fraud, and remanded the matter.

Thereafter, Willey appealed the amended order to the commission, which subsequently vacated the board's order and reinstated the officer's order of May 31, 1990. The commission found that the proper forum for Willey's C–86 motion was before two deputies of the commission on the miscellaneous docket. The commission referred this matter for a hearing to consider Willey's motion.

On March 12, 1991, before the hearing took place, appellant filed an R.C. 4123.519 appeal in the Lucas County Court of Common Pleas. Prior to the court's ruling on the appeal and after the Ohio Supreme Court's decision in *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, appellant also filed an action for declaratory judgment in the same court. The declaratory judgment action was assigned to a different judge than the judge considering the appeal. In separate judgment entries, the two judges ruled that no jurisdiction existed in the court of common pleas and dismissed appellant's appeal and action for declaratory judgment. Appellant appeals only from the latter decision dismissing the declaratory judgment action.

At the outset, we must note that the question of law before this court involves an area of workers' compensation law that has troubled even the highest court of this state, and has, in the past, defied earnest attempts to resolve inconsistencies regarding the applications of prior holdings. See *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 236, 602 N.E.2d 1141, 1143 (the Ohio Supreme Court "has struggled to explain litigants' rights to judicial review of decisions by the Industrial Commission").

As the *Felty* court admitted:

"Since 1955, when R.C. 4123.519 was enacted by the General Assembly, this court has decided dozens of cases directly involving R.C. 4123.519. Recently three of these cases have been overruled in well-intentioned attempts to settle the law. * * * Regrettably, even these attempts have failed to provide the workers' compensation bar with the clear direction it must have to effectively and efficiently conduct its practice." *Felty,* 65 Ohio St.3d at 236, 602 N.E.2d at 1143.

Thus, this court is caught between the proverbial "rock and a hard place" in attempting to divine the current state of a litigant's legal options within the workers' compensation system from the recent decisions of the Ohio Supreme Court.

█ Litigants may seek judicial review of commission rulings in three ways: (1) direct appeal to the courts of common pleas pursuant to R.C. 4123.519, see *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 18 OBR 333; 480 N.E.2d 807; (2) writ of mandamus to the appropriate court of appeals or to the Ohio Supreme Court, see *State ex rel. Stafford v. Indus. Comm.* (1989), 47 Ohio St.3d 76, 547 N.E.2d 1171; *State ex rel. Eaton Corp. v. Lancaster*

(1988), 40 Ohio St.3d 404, 534 N.E.2d 46; or (3) action for declaratory judgment pursuant to R.C. Chapter 2721, see *State ex rel. Marks v. Indus. Comm.* (1992), 63 Ohio St.3d 184, 586 N.E.2d 109; see, generally, *Felty*, 65 Ohio St.3d at 237, 602 N.E.2d at 1144. Which procedural mechanism a litigant may choose depends entirely upon the nature of the decision issued by the commission. *Id.* at 237, 602 N.E.2d at 1144. Each of these options is strictly limited; if the litigant seeking judicial review chooses imprudently, the reviewing court will not have subject matter jurisdiction, thus compelling the court to dismiss the case under Civ.R. 12(B)(1). *Id.*

■ The issue before this court is whether appellant is entitled to apply for declaratory judgment in a court of common pleas in order to specify his rights under R.C. 4123.515 and 4123.516, as a result of an interlocutory order from the commission. After reviewing the applicable case law, we hold that he is not.

Appellant asserts that, consistent with the Ohio Supreme Court's ruling in *Marks*, he is entitled to declaratory judgment in order to protect any rights to administrative appeal within the workers' compensation process. Appellant argues that despite his inability to directly appeal the commission's order to a court of common pleas, he should not be foreclosed from seeking judicial review. In addition, appellant asserts that, in the instant case, an action for declaratory judgment is appropriate, since he has sufficiently met the necessary requirements at law.

Appellees assert that *Afrates* only permits appellant to challenge an order of the commission in a court of common pleas through a declaratory judgment action if that order is a final administrative order. Highlighting the fact that the commission's order only referred appellee Willey's motion to the miscellaneous docket, appellees argue that the decision was not a final administrative order, since all administrative remedies have not yet been exhausted.

Initially, all parties in this matter are asking this court to reconcile perceived discrepancies in two recent decisions of the Ohio Supreme Court, namely *Afrates* and *Marks*. In *Afrates*, the Ohio Supreme Court held that:

" * * * [A] (final) decision of the Industrial Commission involving a claimant's right to participate or to continue to participate in the State Insurance Fund must, if review is sought, be appealed pursuant to the terms of R.C. 4123.519. The only decisions reviewable pursuant to the terms of R.C. 4123.519 are those decisions involving a claimant's right to participate or to continue to participate in the fund.

" * * *

"[A]n administrative decision that is final may be challenged by a writ of mandamus, where appropriate, or in an action for declaratory judgment." (Footnote omitted.) *Afrates*, 63 Ohio St.3d at 26–27, 584 N.E.2d at 1179–1180.

This language clearly requires that all challenges to commission orders, involving a claimant's right to participate or to continue to participate, be appealed under R.C. 4123.519. Any other final order may be challenged by writ of mandamus or by an action for declaratory judgment.

The extent of a litigant's ability to file a declaratory judgment action hinges upon the interpretation of "may," since no language in *Afrates* explicitly prohibits claimants from filing an action for declaratory judgment in response to an interlocutory order of the commission. The holding in *Afrates* may be interpreted in two ways: (1) a declaratory judgment action may only challenge a final order of the commission; or (2) a declaratory judgment action may challenge both final and interlocutory orders of the commission.

The rationale of *Afrates* and subsequent decisions revolves around limiting the ease with which claimants in the workers' compensation system can invoke the authority of the common pleas courts. *Id.*, 63 Ohio St.3d at 25–26, 584 N.E.2d at 1178–1179. The courts simply cannot review all the decisions of the commission if the commission is to be an effective agency. *Felty*, 65 Ohio St.3d at 238, 602 N.E.2d at 1144. A narrow view of R.C. 4123.519 is necessary to prevent an unnecessary flood of litigation into the court system and to assist in the goal of creating a workers' compensation system that operates primarily outside the courts. *Id.*

Appellant insists that, in *Marks,* the Ohio Supreme Court intended to carve a broad exception to the *Afrates* rule by permitting claimants to move a common pleas court for declaratory judgment when a commission order appears to conflict with a section of the Ohio Revised Code. Appellant argues that since the claimant in *Marks* was permitted to move for declaratory judgment from an apparently interlocutory order, the court intended to grant claimants broad latitude in situations where the order is clearly interlocutory.

In *Marks,* the claimant, Judy C. Marks, had filed an occupational disease claim with the commission. A district hearing officer later denied her application. A regional board of review vacated the district hearing officer's order, allowed the claim, and awarded total disability compensation. The commission later vacated the regional board's order, from which claimant appealed to the Hamilton County Court of Common Pleas, pursuant to R.C. 4123.519. Seven years later, still without a ruling by the common pleas court on her appeal, she moved the commission to enforce the regional board's order. The commission held Marks's motion in abeyance, pending a ruling by the court of appeals.

The Ohio Supreme Court held that even though an appeal under R.C. 4123.519 may not be available, this "does not foreclose the possibility of other adequate remedies," such as declaratory judgment. *Id.,* 63 Ohio St.3d at 186, 586 N.E.2d

at 111. The court refused to permit Marks's appeal, but allowed her to challenge the commission's order under a motion for declaratory judgment. *Id.*

The *Marks* court did not consider the finality of the commission's orders, even though the commission's order which provoked her first appeal was clearly final and, thus, appealable. Although by definition, the commission's second order, which held Marks's claim in abeyance, was interlocutory, in essence, Marks sought declaratory judgment with regard to the commission's first order since the legal process had inappropriately stalled.

Also, given the court's apparent hesitation in stating a general rule whereby a claimant could justifiably seek declaratory judgment, the holding in *Marks* appears to be strictly limited to facts of that case. Without a clear intent to broadly permit declaratory judgment actions, this court is without sufficient authority to condone appellant's action in the instant case.

The applicable provisions of the Ohio Revised Code that govern the commission's powers confirm this view. The members of the commission are empowered to administer oaths, take testimony or deposition, and conduct hearings, inquiries and investigations. R.C. 4123.08. Under Ohio law, the commission has continuing jurisdiction over each case, and it may make any modification or change with respect to former findings or orders, as is justified. R.C. 4123.52. Also, the commission is not to be bound by technical or formal rules of procedure, other than prescribed by statute, and may investigate a matter which, in its judgment, is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of R.C. Chapter 4123. R.C. 4123.10.

Thus, by all indications, the Ohio General Assembly intended to establish a separate workers' compensation system that enjoys relative freedom from continued interference from the courts. Construing R.C. Chapter 4123 and *Afrates* together into a cohesive framework obliges a court of common pleas to review only those final administrative orders from the commission, not interlocutory orders. The best means to effectuate an efficient and independent workers' compensation system is to adopt a strict interpretation of *Afrates*.

■ Our resolve in this matter is further bolstered after a thorough review of the prerequisite conditions for a declaratory judgment action. A declaratory judgment action is appropriate where (1) the action is within the spirit of the Declaratory Judgments Act; (2) a real controversy between adverse parties exists which is justiciable in character; and (3) speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 307, 75 O.O.2d 358, 361, 348 N.E.2d 342, 346; *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 130, 73 O.O.2d 442, 443, 339 N.E.2d 626, 628; *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d

149, 296 N.E.2d 261, paragraph one of the syllabus; *Rasdaszewski v. Keating* (1943), 141 Ohio St. 489, 26 O.O. 75, 49 N.E.2d 167, paragraph three of the syllabus. ·

■ Even if appellant's complaint for declaratory judgment satisfies the last two criteria, it does not fall within the spirit of the Declaratory Judgments Act in light of *Afrates* and complementary case law. The Declaratory Judgments Act, R.C. Chapter 2721, was primarily designed to correct deficiencies in legal procedure, and its principal object and purpose is to provide a remedy in those situations where either none exists because a cause of action has not yet accrued or the assertion of legal rights is dependent upon the act of a third party or upon the passage of time. See *Murray v. McCrystal* (1955), 99 Ohio App. 441, 59 O.O. 194, 134 N.E.2d 88. Its basic purpose, in essence, is to relieve parties from acting at their own peril in order to establish their legal rights. See *Travelers Ins. Co. v. Buckeye Union Cas. Co.* (C.P.1959), 81 Ohio Law Abs. 108, 114, 160 N.E.2d 874, 879.

Appellant merely asserts that the instant situation falls within the spirit of the Declaratory Judgments Act, without persuasive argument or citation to applicable case law. In this court's view, appellant has not yet exhausted his administrative remedies and still has an adequate remedy at law even if his case is heard before the commission instead of a district hearing officer. A final decision by the commission regarding appellant's case, if in error, will be subject to review by a court of common pleas in accordance with any of the three methods previously discussed. The commission's action then may be properly reviewed, in its entirety, by the appropriate court of common pleas.

As such, appellant's sole assignment of error is not well taken. To uphold appellant's interpretation of *Afrates, Marks* and R.C. Chapter 2721 would serve only to allow claimants to circumvent an adverse decision of the commission and to bypass the General Assembly's desires for an independent workers' compensation system.

The judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are to be paid by appellant.

*Judgment affirmed.*

ABOOD and MELVIN L. RESNICK, JJ., concur.