[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, James Leroy Stewart, appeals pro se,
from the denial of his motion for a declaratory judgment by which he sought to have his convictions for Rape and Aggravated Burglary declared void. Stewart contends that the trial court erred by dismissing his motion. He also contends that the trial court abused its discretion by entering a finding of guilt without first requiring a statement of circumstances or facts regarding the charged offenses.
We conclude that the trial court did not err by dismissing the motion for declaratory judgment. The Declaratory Judgment Act found in R.C. Chapter 2721, may not be used as a substitute for a direct appeal of claimed errors when the issue on which judgment is sought is capable of being addressed by appellate review.
The judgment of the trial court is Affirmed.
 I
In 1990, James Leroy Stewart entered a plea of no contest to one count of Aggravated Burglary and one count of Rape. He was found guilty and sentenced accordingly. Thereafter, Stewart filed an appeal with this court alleging that the trial court erred by failing to conduct a competency hearing and denying his motion for a "second psychiatric or psychological evaluation at public expense." See State v. Stewart (Mar. 20, 1992), Greene App. No. 90 CA 78, unreported. We upheld the convictions. Id.
On September 16, 1998, Stewart filed a motion with the trial court entitled "Motion for Declaratory Judgment Determination of Void Judgment Pursuant to O.R.C. § 2721.02 et. Seq., Civ.R. 57 and through Crim.R 57(B)". The motion was founded upon Stewart's claim that he was denied due process when the trial court failed, pursuant to R.C. 2937.07, to require a statement of circumstances/facts to be given at the time of taking the plea and finding of guilt. The State filed a motion to dismiss, which was granted on September 24, 1998. Stewart filed a notice of appeal from the order of dismissal on October 16, 1998. Thereafter, pursuant to Stewart's Civ.R. 52 request, the trial court issued a judgment entry setting forth its findings of fact and conclusions of law.
 II
Stewart's First and Second Assignments of Error state:
 APPELLANT'S TRIAL COURT ERRED IN ITS JUDGMENT DENYING APPELLANT'S MOTION FOR DECLARATORY JUDGMENT, PURSUANT TO CIV. R. 57, R.C. § 2721.01 ET SEQ., AND THE DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTIONS [SIC] 5TH AND 14TH AMENDMENT AND THE OHIO CONSTITUTION ART. I, §§ 2 AND 16.
 APPELLANT'S TRIAL COURT ABUSED ITS SOUND DISCRETION TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY MAKING A FINDING OF GUILT AFTER HIS PLEA OF NO CONTEST, WITHOUT FIRST RECEIVING A STATEMENT OF CIRCUMSTANCES/FACTS FROM THE STATES [SIC] PROSECUTOR TO SUPPORT ALL THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED. VIOLATING APPELLANT'S DUE PROCESS RIGHTS PROVIDE [SIC] HIM THROUGH THE UNITED STATES CONSTITUTIONS 5TH AND 14TH AMENDMENTS AND OHIO CONSTITUTION ART. I, §§ 2 AND 16.
Stewart contends that his convictions are void because the trial court abused its discretion by failing to comply with the provisions of R.C. 2937.07 in that it did not require the State to make a statement of circumstances or facts prior to making a finding of guilt. He contends that the trial court erred by failing to grant his motion for a declaratory judgment whereby he sought a redress this alleged error.
Stewart does not contest the validity or constitutionality of R.C. 2937.07. Instead, he contends that the trial court erred by failing to apply it to him. It is clear from Stewart's argument that the issue presented in his motion for declaratory judgment is a claimed error at law by a judge in a judicial proceeding.
Therefore, this appeal hinges upon an initial determination of whether Stewart is entitled to attack the validity of his convictions through the use of the Declaratory Judgment Act found in R.C. 2721.01 et seq. We conclude that he cannot.
In his motion, Stewart cited Crim.R. 57(B) as providing authority for the use of the Act as a means of contesting his convictions. That rule provides:
 If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.
Essentially, he argues that the Act provides the only avenue for contesting his convictions. We do not agree. Clearly the rules of criminal procedure provide for contesting the validity of criminal convictions by means of petitions for post-conviction relief. Furthermore, Stewart was entitled to raise any questions regarding deficient trial court procedure in a direct appeal.
The purpose of the Declaratory Judgment Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Radaszewski v. Keating
(1943), 141 Ohio St. 489, 496. It "* * * was primarily designed to correct deficiencies in legal procedure, and its principal object and purpose is to provide a remedy in those situations where either none exists because a cause of action has not yet accrued or the assertion of legal rights is dependent upon the act of a third party or upon the passage of time." Gray v. WilleyFreightways, Inc. (1993), 89 Ohio App.3d 355, 362, citations omitted. "Its basic purpose, in essence, is to relieve parties from acting at their own peril in order to establish their legal rights." Id. "A declaratory judgment action is appropriate where: (1) the action is within the spirit of the Declaratory Judgments Act; (2) a real controversy between adverse parties exists which is justiciable in character; and (3) speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." Id., at 361.
Stewart's motion does not fit within the compass of the Declaratory Judgments Act. Stewart has not cited, nor can we find, any authority to indicate that the Act was intended to provide a vehicle for the redress of the type of error alleged in this case. Furthermore, to permit defendants to use the Act would allow them to circumvent the timeliness requirements for filing appeals or petitions for post-conviction relief.
At least two other appellate districts have also found that criminal defendants may not attack their convictions through the Act. See, Carter v. Walters (Mar. 22, 1990), Paulding App. No. 11-88-24, unreported; Richard v. Jones (Mar. 3, 1994), Cuyahoga App. No. 64769, unreported. In Carter, supra, a defendant sought to attack his conviction based upon a claimed sentencing error. In ruling that an action for declaratory judgment was not the proper vehicle for such an attack, the Third District Court of Appeals opined:
 Declaratory Judgment pursuant to R.C. 2721.01-.13 is not part of the criminal appellate process. Neither the Declaratory Judgments Act nor Civ.R. 57 convert a claimed error at law by a trial judge acting as a judge in a criminal case into a justiciable controversy between the defendant and the judge subject to resolution by declaration pursuant to the Act.
Id.
Likewise, in Richard v. Jones, supra, a defendant sought to attack his conviction based upon a claim that he was improperly indicted.
The defendant filed an action for declaratory relief which was dismissed by the trial court. Id. The Eighth District Court of Appeals upheld the decision of the trial court stating that a declaratory judgment action is not a remedy to be used for the appeal of a criminal conviction. Id.
In Tootle v. Wood (1974), 40 Ohio App.2d 576, the court recognized that an action for declaratory judgment may not be substituted for the appeal of a final judgment:
 We know of no case, and can conceive of no situation which would warrant the use of the Declaratory Judgments Act as a method of appeal or appellate review to obtain an original declaration f rights between parties in matters solely appellate. Howle v. Alabama State Milk Control Board (Ala. 1956), 90 So.2d 752, 755.
 We believe that the answer to the question propounded is found in 26 Corpus Juris Secundum 93-94, Declaratory Judgments, Section 23, as follows:
 `An action under declaratory judgment acts will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive.
Id., at 577-78.
The alleged error made during the taking of the guilty plea and the finding of guilt is readily apparent from the record. Therefore, the issue could, and should, have been raised on direct appeal. Even had the matter not been apparent from the record, Stewart could have attacked the convictions by way of a petition for post-conviction relief pursuant to R.C. 2953.21.[1] We therefore conclude that the trial court did not err by dismissing Stewart's motion for a declaratory judgment.
Accordingly, Stewart's Assignments of Error are overruled.
 III
Stewart's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and YOUNG, JJ., concur.
Copies mailed to:
Robert K. Hendrix
James Leroy Stewart
Hon. Thomas Rose
[1] Courts have held that actions for declaratory judgment will not lie when special statutory proceedings have been provided which could have been utilized to overturn a conviction. See, Williams v. Ohio State Atty. Gen., Montgomery (April 30, 1998), Franklin App. No. 97APE08-980, unreported.