[Cite as *State v. Russell*, 2017-Ohio-7198.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-48 |
| | : | |
| v. | : | T.C. NO. 09-CR-873 |
| | : | |
| CHRISTOPHER M. RUSSELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___11th___ day of _____August_____, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHRISTOPHER M. RUSSELL, A646718, North Central Correctional Complex, P. O. Box 1812, Marion, Ohio 43301
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Christopher Russell, filed August 19, 2016.  Russell appeals from the July 27, 2016 denial of his "Motion for Declaratory Judgments."   We hereby affirm the judgment of the trial court.

{¶ 2} Russell was convicted, after a jury trial, of rape, gross sexual imposition,

pandering obscenity involving a minor, and sexual battery. This court affirmed his conviction and 75-year sentence on September 21, 2012. *State v. Russell*, 2d Dist. Clark No. 2011-CA-10, 2012-Ohio-4316.

**{¶ 3}** Russell filed his motion on May 4, 2015, seeking a declaratory judgment from the trial court that two prosecuting attorneys involved in his trial committed prosecutorial misconduct. Russell's motion provides in part: "These judgments are needed as evidence to restore the right to State–level appeal and as legal tools to assist in pursuing other remedies lawfully available to the Movant. No actual relief from judgment is being requested, only answers to the controversy of legality of the activities related to the questions presented." Specifically, the motion presented the following questions:

• Did David Andrew Wilson conduct an inflammatory opening outside the lawful parameters of Ohio Criminal Rule 24(A)?

• Did David Andrew Wilson establish the proper foundational parameters for presenting the testimony of Dr. Jim Duffee?

• Does the expert testimony of Erica Moore, presented by David Andrew Wilson fall within the legal parameters of admissibility?

• Does the confession sited in the Appeal Response by Lisa Fannin actually exist for the purposes of appellate review?

• Did David Andrew Wilson remain within the legal and professional parameters of his office when presenting the State's Closing?

**{¶ 4}** Multiple portions of the trial transcript are attached to the motion. The conclusion of the motion provides: "The Court is asked to note, however, that the issues in this motion involve additional questions outside the sphere of the appellate process.

Lastly, it is asked that the Honorable Richard J. O'Neill recuse [sic] from this issue as he presided over the actions of 2009-CR-0873." The trial court denied Russell's motion without analysis, finding it "not well taken."

{¶ 5} Russell asserts two assignments of error herein. His first assignment of error is as follows:

THE COURT FAILED TO RULE ON A CLEAR CONTROVERSY AS REQUIRED UNDER O.R.C. § 2721.01 ETC[.] AND THEREBY FAILED TO RECOGNIZE THE CLEAR-ON-THE-RECORD ERRORS PRESENTED BY MR. RUSSELL CONCERNING THE CONDUCT OF DAVID ANDREW WILSON AND LISA FANNIN IN REGARD TO 2009-CR-0873 AND THE SUBSEQUENT APPEAL 2011-CA-0010.

{¶ 6} Russell directs our attention to several sections of his trial transcript which he asserts demonstrate prosecutorial misconduct. Russell asserts as follows:

Mr. Russell, in his motion for declaratory judgment, clearly showed errors of law related to 2009-CR-0873 and requested the Clark County Court of Common Pleas to declare where appropriate the actions of the named Respondents outside the law thereby granting Mr. Russell tools needed to pursue remedies of law. His appellate counsel failed him by not bringing these errors to the attention of the Appellate Court and due to the unlawful nature of the legal library at LeCI [sic] could not raise in time a motion to reopen due to this ineffective assistance of counsel. Therefore, Mr. Russell needs a court to recognize the unlawfulness detailed above to produce a tool for use in the reopening of rights to present these issues

previously denied due to issues outside of his control.

The State's response will likely include details of the charges against him, including the time of his sentence and other defamatory statements. Please note the declaratory judgment is a tool meant to restore the right to challenge the lawfulness of the trial which resulted in that conviction. While the conviction does have a strong presumption of correctness, the existence of the conviction should not be in and of itself evidence used to block the efforts to fight the conviction, be it direct challenges or sufficient lawful evidence (including the clearly cajoled statements given to police) to demonstrate a crime was even committed. Furthermore, he is college educated with two honors degrees and an [sic] Veteran who honorably served this nation during a time of war, defending the Constitution which was ignored by David Andrew Wilson during this procedure.

{¶ 7} The State responds that "declaratory judgments may not be used to collaterally attac[k] [Russell's] convictions" or as a means of appellate review. We agree with the State.

{¶ 8} R.C. 2721.03 provides in part:

* * * [A]ny person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of

rights, status, or other legal relations under it.

{¶ 9} "A common pleas court generally has the power under the Declaratory Judgments Act to 'declare rights, status, and other legal relations,' and its 'declaration has the effect of a final judgment or decree.' R.C. 2721.02(A)." *Lingo v. State,* 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 42. "The purpose of the act is to provide a mechanism by which parties can 'eliminate uncertainty regarding their legal rights and obligations' quickly and conclusively. *Mid-American Fire & Cas. Co. v. Heasley,* 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8." *Lingo*, ¶ 43. " 'Its basic purpose, in essence, is to relieve parties from acting at their own peril in order to establish their legal rights.' " *State v. Stewart,* 2d Dist. Greene No. 98-CA-116, 1999 WL 55718, *2 (Feb. 5, 1999), quoting *Gray v. Willey Freightways, Inc.,* 89 Ohio App.3d 355, 362, 624 N.E.2d 755 (6th Dist. 1993). "A declaratory judgment action is appropriate where: (1) the action is within the spirit of the Declaratory Judgments Act; (2) a real controversy between adverse parties exists which is justiciable in character; and (3) speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." *Stewart, id.*, quoting *Gray*, 89 Ohio App.3d at 361.

{¶ 10} "Although the purpose of the act is to declare rights in the face of uncertainty, it is well settled that declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated. * * * ." *Lingo*, ¶ 44. As the Ohio Supreme Court noted, "Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through post-conviction petitions, habeas corpus, and motions to vacate. * * *." *Id.* "A declaratory judgment action cannot be used as a substitute for any of these remedies. *

* *." *Id.; Stewart*, *4 (affirming dismissal of motion for declaratory judgment where the "alleged error made during the taking of the guilty plea and the finding of guilty is readily apparent from the record. Therefore, the issue could, and should, have been raised on direct appeal."); *see also Russell v. Turner*, S.D. Ohio No. 3:15-cv-165, 2015 U.S. Dist. LEXIS 66611(May 21, 2015), *3 (denying, in a habeas corpus action, Russell's motion for a stay pending resolution of the motion for declaratory judgment in the trial court, and noting, "[t]his Court is aware of no Ohio authority permitting use of a declaratory judgment request after final judgment and appeal of a criminal case to obtain findings of fact to use in a habeas corpus case to prove such a claim. Declaratory judgment is a civil remedy typically invoked at the outset of a civil case.")

{¶ 11} We conclude that Russell's claims of prosecutorial misconduct are the proper subject of a direct appeal (and barred by res judicata), and that his motion for declaratory judgment is accordingly not within the spirit of R.C. 2721.03. Russell's first assignment of error is overruled.

{¶ 12} Russell's second assignment of error is as follows:

JUDGE RICHARD O'NEILL SHOULD HAVE WITHDRAWN FROM THE ISSUE WHEN IT WAS CLEAR THE QUESTIONS PRESENTED DID REFLECT POORLY ON HIS GATE-KEEPING ABILITIES AS JUDGE IN 2009-CR-0873.

{¶ 13} According to Russell, "Mr. O'Neill should have shown judicial prudence by either giving an honest hearing of the motion or removing himself from the issue when it was clear he could not give it a fair hearing." Russell asserts that the "judgment entry from the Court of Common Pleas is a clear manifestation of judicial cowardice, an

unwillingness for a member of the court to pass judgment on a Prosecutor that may in turn reflect poorly on his ability to control his court and ensure the rights of people brought before him are protected."   Russell appears to suggest that the trial court's entry is not a final, appealable order since it does not contain findings of fact and conclusions of law, relying in part on *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984), and *State v. Mapson,* 1 Ohio St.3d 217, 438 N.E.2d 910 (1982).   Russell asserts that if "this court believes the judgment entry does not demonstrate a final appealable order, Mr. Russell ask this court, if possible, to not remand it back to the Clark County Court of Common Pleas or at least remove Judge O'Neill from the duty of making the ruling."   The State responds that Russell failed to comply with R.C. 2701.03.

**{¶ 14}** We initially note that Russell's reliance upon *Clark* and *Mapson* is misplaced; those cases involve a trial court's failure to provide findings of fact and conclusions of law in denying a timely petition for post-conviction relief, as required by R.C. 2953.21(H).   Russell was not entitled to findings of fact and conclusions of law, and the trial court's entry is a final appealable order in the absence thereof.

**{¶ 15}** As this Court has noted, " '[t]he disqualification of a judge is an extraordinary remedy.' * * *. R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for prejudice."   *State v. Qualls*, 2d Dist. Montgomery No. 26423, 2015-Ohio-2182, ¶ 7.   R.C. 2701.03 provides:

> (A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a

proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

(B) An affidavit of disqualification filed under section 2101.39, 2501.13, 2701.031, or 2743.041 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:

(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations or, in relation to an affidavit filed against a judge of a court of appeals, a specific allegation that the judge presided in the lower court in the same proceeding and the facts to support that allegation;

(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;

(3) A certificate indicating that a copy of the affidavit has been served on the probate judge, judge of a court of appeals, judge of a court of common pleas, judge of a municipal or county court, or judge of the court of claims against whom the affidavit is filed and on all other parties or their counsel;

(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.

**{¶ 16}** "This procedure provides 'the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.' *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657." *State v. Galluzzo*, 2d Dist. Champaign No. 2004 CA 25, 2006-Ohio-309, ¶ 15. "A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the trial court on that basis. * * *." *Qualls*, ¶ 8.

**{¶ 17}** While Russell sought the trial court's recusal in his motion for declaratory judgment, he failed to follow the mandatory requirements of R.C. 2701.03. For the foregoing reasons, Russell's second assigned error lacks merit, and it is accordingly overruled. The judgment of the trial court is affirmed.

**{¶ 18}** Finally, we note that attached to Russell's brief is a "Complaint Requesting Writ of Mandamus," as well as an April 14, 2015 Entry of the trial court, ordering the Clark County Sheriff's Department to release certain property to Russell or his authorized designee that was seized pursuant to a warrant in the investigation of Russell's offenses. Russell's "Complaint Requesting Mandamus" was filed separately in this Court on March 31, 2016 under Clark Cty. App. Case No. 2017 CA 35. That case was dismissed by this Court on May 30, 2017. Accordingly, we will not address the "Complaint Requesting Mandamus" herein.

. . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Megan M. Farley
Christopher M. Russell
Hon. Richard J. O'Neill