OPINION
Anthony Brandon appeals from the trial court's denial of his motion to perform his community service obligation in Athens County, Ohio, where Brandon is attending Ohio University. Brandon was charged with vehicular manslaughter in violation of R.C.2903.06(A)(4) on September 2, 2004. On December 14, 2004, Brandon entered a no contest plea to the charge. The Xenia Municipal Court imposed a 90-day sentence which was suspended. Brandon was placed on five years probation with two years of it to be "closely supervised." He was ordered to perform 500 hours of community service for Yellow Springs High School. He was also ordered to make restitution to the victim's mother and to pay a $1,000 fine.
We do not have a record of Brandon's plea or sentencing hearing but it appears from the court's file that Brandon lost control of a vehicle he borrowed and hit a tree just off East Enon Road. A passenger in the vehicle, Carla Smith, who was a schoolmate of Brandon's at Yellow Springs High School, was killed in the accident. Brandon was also seriously injured in the accident. The accident occurred shortly after the noon hour and there was no evidence drugs or alcohol was involved in any way.
After the sentence was imposed, the court received numerous letters of support for Brandon. (Docket Entries 15-22). No appeal was taken from the sentence imposed, but the court received a letter from the Principal of Yellow Springs High School requesting that Brandon perform his community service at a different location. (Letter dated August 17, 2005, Docket Entry 25).
On September 15, 2005, Brandon filed his motion to perform his community service in Athens County or in the alternative to transfer his community control to that county. Counsel represented to the court that the prosecuting attorney had no objection to the motion. Counsel represented to the court that Brandon had completed one quarter of school as a student at Ohio University in Athens and is in good academic standing. Counsel further stated that Brandon had an opportunity to perform community service at the U.C.M. Center for Spiritual Growth in Athens. The trial court overruled Brandon's motion stating "he must do his CS in Greene County."
In his first assignment, Brandon contends the trial court erred in overruling his motion. He contends the trial court acted unreasonably in denying his motion because the proposed community service can be accomplished with a suitable sponsor in Athens County and the court's failure to authorize the transfer will disrupt or prevent Brandon from attending Ohio University where he is enrolled. Brandon also notes the prosecuting attorney does not object to the transfer of the location of the community service. He also notes that the sentencing court can request another county or municipal court to supervise a probationer who resides in that court's jurisdiction. R.C. 2929.25(B)(1).
We agree with appellant that the trial court abused its discretion and acted unreasonably in denying permission for him to perform his community service in Athens County. The trial court did not explain why it denied appellant's motion. If appellant needs close supervision he can be supervised by the probation department of the Athens County Municipal Court. If there is any additional cost in the supervision of appellant in Athens County, it is reasonable for the court to charge the appellant with that expense. The appellant's first assignment of error is Sustained.
In his second assignment, he contends the trial court erred in ordering him to complete 500 hours of community service when R.C.2929.27(A)(3) only authorizes the court to order 200 hours of community service for the commission of a second degree misdemeanor. Brandon acknowledges he did not file a direct appeal of his conviction, but argues he may now collaterally attack the validity of the sentence imposed because the sentence imposed was unlawful and therefore void.
R.C. 2929.27 provides in pertinent part:
"(A) Except when a mandatory jail term is required by law, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, may impose upon the offender any nonresidential sanction or combination of nonresidential sanctions authorized under this division. Nonresidential sanctions include, but are not limited to, the following:
"(1) A term of day reporting;
"(2) A term of house arrest with electronic monitoring, a term of electronic monitoring without house arrest, or a term of house arrest without electronic monitoring;
"(3) A term of community service of up to five hundred hoursfor a misdemeanor of the first degree or two hundred hours for amisdemeanor of the second, third, or fourth degree;"
Vehicular Manslaughter in violation of R.C. 2903.06(A)(4) is a misdemeanor of the second degree. We agree a void sentence may be collaterally attacked. Tari v. State (1927), 117 Ohio St. 481. The second assignment is also well taken.
The Judgment of the trial court is Reversed and Remanded for further proceedings consistent with the opinion.
Grady, P.J., and Donovan, J., concur.