[Cite as *State v. McCall*, 2013-Ohio-2653.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2013-0014 |
| EUGENE B. MCCALL | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  CR2000-0194


JUDGMENT:                   Reversed and Remanded


DATE OF JUDGMENT ENTRY:     June 24, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

D. MICHAEL HADDOX                       KENNETH R. SPIERT
PROSECUTING ATTORNEY                    250 East Broad Street
ROBERT L. SMITH                         Suite 1400
ASSISTANT PROSECUTOR                    Columbus, Ohio  43215
27 North Fifth Street, Suite 201
Zanesville, Ohio  43701

*Wise, J.*

{¶1}     Appellant Eugene McCall appeals the February 16, 2013, decision of the Muskingum County Court of Common Pleas denying his motion to vacate post-release control.

{¶2}     Appellee is the State of Ohio.

{¶3}     This case comes to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4}     "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶5}     This appeal shall be considered in accordance with the aforementioned rule.

STATEMENTS OF FACTS AND CASE

{¶6}     Appellant Eugene McCall was convicted on one count of aggravated robbery, in violation of R.C. §2901.01(A)(1), a first-degree felony, and one count of robbery, in violation of R.C. §2901.02(A)(2), a second-degree felony.

{¶7}     On February 12, 2001, Appellant appeared before the Muskingum County Court of Common Pleas for sentencing.  At the sentencing hearing, the trial court merged the offenses and imposed a ten (10) year prison term for the aggravated robbery charge. During the hearing, the trial court advised Appellant "that it would be mandatory that you

be placed upon five years of post-release control once you're released from the institution."

{¶8}    In its February 15, 2001, Sentencing Entry, the trial court stated "[t]he Court further notified the Defendant that 'Post Release Control' is mandatory in this case up to a maximum of three (03) years as well as the consequences for violating conditions …"

{¶9}    On March 20, 2006, following the Ohio Supreme Court decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, Appellant was resentenced. At that time, the trial court imposed the same ten-year term of incarceration. The March 27, 2006, Sentencing Entry stated that "the Court further notified the Defendant that 'Post Release Control' is mandatory in this case *up to a maximum of five (5) years[.]"* (Emphasis added.)

{¶10}    On October 8, 2010, Appellant moved for resentencing based upon the improper imposition of post-release control. The trial court found Appellant was advised that "he was subject to post-release control for a period of up to five (5) years[.]" The court also stated that "based on the defendant's own admission he has served his entire sentence with respect to the charges for which he stands convicted. Therefore, the Court finds Defendant's motion to be moot."

{¶11}    On August 20, 2011, Appellant was released from prison and placed on post-release control.

{¶12}    On June 22, 2012, Appellant moved the trial court to vacate the post-release control.

{¶13}    On February 26, 2013, the trial court denied the motion to vacate.

**{¶14}**   Appellant now appeals, setting forth the following assignment of error:

**ASSIGNMENT OF ERROR**

**{¶15}**   "I. THE TRIAL COURT ERRED IN FAILING TO VACATE THE VOID, "UP TO" FIVE-YEAR TERM OF POSTRELEASE CONTROL IMPOSED UPON MR. MCCALL FOR A FIRST-DEGREE FELONY. THIS ERROR VIOLATES MR. MCCALL'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."

**I.**

**{¶16}**   In his sole Assignment of Error, Appellant argues that the trial court erred in denying his motion to vacate post-release control.

**{¶17}**   Upon review, we find that post-release control was not properly imposed in this case, and that the trial court cannot correct the error at this juncture because Appellant has already completed his prison sentence.

**{¶18}**   The Supreme Court of Ohio has held that "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, paragraph one of the syllabus. The Supreme Court has explained that " *Fischer* applies to every criminal conviction, including a collateral attack on a void sentence[.]" *State v. Billiter,* 134 Ohio St.3d 103, 2012–Ohio–5144, ¶ 11.

**{¶19}**   In this case, Thomas was convicted of aggravated robbery pursuant to R.C. §2911.01(A)(1), a felony of the first degree. Therefore, Appellant was subject to a

mandatory five-year term of post-release control. R.C. §2967.28(B)(1). As set forth above, Appellant was not properly sentenced to post-release control in accord with the statutory mandate. Since the trial court did not impose post-release control in accordance with the terms set forth in R.C. §2967.28(B), that portion of the sentencing entry is void. *Fischer* at paragraph one of the syllabus.

**{¶20}** We therefore find that the trial court erred in denying the motion to vacate post-release control filed by Appellant after he was released from prison. While the lawful elements of Appellant's sentence remained in place during the time he was serving his term of incarceration, the sentence was void in specific regard to post-release control. *Fischer,* paragraphs one and three of the syllabus. Once a defendant is released from prison, the interest in finality takes hold and the trial court does not have authority to correct a post-release control error. *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 70.

**{¶21}** As the trial court did not properly impose post-release control at the time Appellant was sentenced, and it failed to correct the problem before he was released from prison, we conclude that Appellant was not subject to post-release control following his release from prison. *State v. Baker,* 9th Dist. No. 26411, 2012–Ohio–5645, ¶ 4–5, citing *Billiter* at ¶ 11–12.

**{¶22}** This Court, therefore, remands this matter to the trial court to vacate the portion of the 2006 sentencing entry that attempted to impose post-release control. The trial court is also instructed to note on the record that, because Appellant has completed his prison sentence, he will not be subject to resentencing pursuant to law.

{¶23} Based on the foregoing, this Court finds Appellant's sole Assignment of Error well-taken and hereby sustains same.

{¶24} The decision of the Court of Common Pleas of Muskingum County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.


By: Wise, J.

Hoffman, J., and

Farmer, J., concur.


_____

_____

_____

JUDGES

JWW/d 0614

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                JUDGMENT ENTRY
                                                 :
EUGENE B. MCCALL                                 :
                                                 :
    Defendant-Appellant                      :                Case No. CT2013-0014


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellant.


                                _____


                                _____


                                _____

                                              JUDGES