[Cite as *State v. Braggs*, 2013-Ohio-3364.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130073 |
| Plaintiff-Appellee, | : | TRIAL NO. B-8903470 |
| vs. | : | |
| ROBERT BRAGGS, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: August 2, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Gregory A. Cohen,* for Defendant-Appellant.

Please note: we have removed this case from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Robert Braggs appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion for Declaratory Judgment That Sentence is Void." We affirm the court's judgment as modified.

{¶2} Braggs was convicted of drug abuse in December 1989 and was placed on probation for three years. He unsuccessfully challenged his conviction in his direct appeal to this court, *see State v. Braggs*, 1st Dist. Hamilton No. C-900003 (Nov. 9, 1990), and, collaterally, in a series of postconviction petitions and motions filed with the common pleas court. *See, e.g., State v. Braggs*, 1st Dist. Hamilton No. C-120487 (Feb. 27, 2013); *State v. Braggs*, 1st Dist. Hamilton No. C-120137 (June 27, 2012); *State v. Braggs*, 1st Dist. Hamilton No. C-950436 (Dec. 22, 1995). In 1992, Braggs's probation was "terminated" and his "case [was] closed."

{¶3} In his "Motion for Declaratory Judgment That Sentence is Void," filed September 4, 2012, Braggs invoked the "jurisdiction [of a court] * * * to correct a void judgment" and sought relief in the form of "a declaratory judgment resolving the fact that [he had been] improperly given four hundred hours of community service in violation of [former] R.C. 2951.02(H)(1)(a) which statutory limitation is * * * two hundred hours." In this appeal, he advances two assignments of error that, distilled to their essence, challenge the overruling of his motion. We find no merit to this challenge, because the common pleas court lacked jurisdiction to afford Braggs the relief sought.

{¶4} *Declaratory relief.* Ohio's Declaratory Judgment Act, found in R.C. Chapter 2721, plainly "contemplate[s] a distinct proceeding * * * initiated by the filing of a complaint." Thus, "[a] 'motion' for a declaratory judgment is procedurally

incorrect and inadequate to invoke the jurisdiction of [a] court pursuant to R.C. Chapter 2721." *Fuller v. German Motor Sales, Inc.*, 51 Ohio App.3d 101, 103, 554 N.E.2d 139 (1st Dist.1988); *accord State v. Nemitz*, 1st Dist. Hamilton No. C-970561, 1998 Ohio App. LEXIS 3590 (Aug. 7, 1998). Braggs sought declaratory relief by means of a motion filed in his criminal case. Therefore, he failed to invoke the jurisdiction conferred by the act.

{¶5} Moreover, even if Braggs had satisfied the act's procedural and jurisdictional requirements, he would not have been entitled to the relief sought. The Declaratory Judgment Act is "remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Radaszewski v. Keating*, 141 Ohio St. 489, 496, 49 N.E.2d 167 (1943) (quoting former G.C. 12102-12); *accord Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 136, 2007-Ohio-1248, 863 N.E.2d 142. Thus, a declaratory judgment may serve to "relieve parties from acting at their own peril in order to establish their legal rights." *Gray v. Willey Freightways, Inc.*, 89 Ohio App.3d 355, 362, 624 N.E.2d 755 (6th Dist.1993); *accord Steinriede v. Cincinnati*, 1st Dist. Hamilton No. C-100289, 2011-Ohio-1480, ¶ 11.

{¶6} But the Declaratory Judgment Act does not authorize a court to render an advisory opinion. A declaratory judgment action must instead "satisfy a threshold requirement of * * * justiciability." *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 10. Thus, a declaratory judgment action will lie to determine only "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Corron v. Corron*, 40 Ohio St.3d 75, 79, 531 N.E.2d 708 (1988); *see Schaefer v. First Natl. Bank*, 134 Ohio St. 511, 18 N.E.2d 263

(1938), paragraph three of the syllabus (requiring a showing that "a real controversy between adverse parties exists which is justiciable in character and [that] speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost"). *Accord Mallory v. Cincinnati*, 1st Dist. Hamilton No. C-110563, 2012-Ohio-2861, ¶ 10-16.

{¶7} Because of the justiciability requirement, a declaratory judgment action does not provide a means for determining whether previously-adjudicated rights were properly decided. *State v. Stewart*, 2d Dist. Montgomery No. 98-CA-116, 1999 Ohio App. LEXIS 323, *8 (Feb. 5, 1999). It follows then that a declaratory judgment action will not, as Braggs would have it, provide a substitute for an appeal of, or a means for mounting a collateral challenge to, a criminal conviction. *See Wilson v. Collins*, 10th Dist. Franklin No. 10AP-511, 2010-Ohio-6538, ¶ 9; *Gotel v. Ganshiemer*, 11th Dist. Ashtabula No. 2008-A-0070, 2009-Ohio-5423, ¶ 47; *Moore v. Mason*, 8th Dist. Cuyahoga No. 84821, 2005-Ohio-1188, ¶ 14; *State v. Zizelman*, 3d Dist. Auglaize No. 2-98-33, 1999 Ohio App. LEXIS 1769, *7 (Apr. 9, 1999); *State v. Brooks*, 133 Ohio App.3d 521, 524-526, 728 N.E.2d 1119 (4th Dist.1999), citing *Tootle v. Wood*, 40 Ohio App.2d 576, 577, 321 N.E.2d 623 (4th Dist.1974); *Stewart* at *8.

{¶8} *Postconviction relief.* Rather, "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case" is provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief. R.C. 2953.21(J). Therefore, Braggs's motion was reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶9} But Braggs filed his postconviction motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new or retrospectively applicable right recognized by the United States Supreme Court since the time for filing a postconviction petition expired or since he filed his last postconviction petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶10} The record before us does not, as it could not, demonstrate that, but for the claimed sentencing error, no reasonable factfinder would have found Braggs guilty of the offense of which he was convicted. Because Braggs satisfied neither the time restrictions of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Braggs's postconviction motion. *See* R.C. 2953.23(A).

{¶11} *Void sentence.* Finally, a court has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the Ohio Supreme Court has not held that the imposition of a term of community service exceeding the term provided by statute renders a judgment of conviction void. *Compare State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus (holding that, in the absence of an affidavit of indigency, a sentence is void to the extent that it does not include the fine mandated by R.C. 2925.11[E][1][a] and 2929.18[B][1]); *State v. Harris*, 132 Ohio

St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus (holding that a sentence is void to the extent that it does not include a mandatory driver's license suspension); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (holding that a sentence is void to the extent that it was imposed without proper postrelease-control notification).

{¶12} *Affirmed as modified.* Therefore, upon our determination that the common pleas court properly denied Braggs the relief sought in his postconviction motion, we overrule the assignments of error. Because the court had no jurisdiction to entertain Braggs's motion on its merits, the motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment from which Braggs has appealed to reflect the dismissal of the motion. And we affirm the judgment as modified.

Affirmed as modified.

HILDEBRANDT, P.J., concurs.
CUNNINGHAM, J., concurs in part and dissents in part.

CUNNINGHAM, J., concurring in part and dissenting in part.

{¶13} I concur in the majority's holding that neither the Declaratory Judgment Act nor the postconviction statutes conferred upon the common pleas court jurisdiction to entertain Braggs's motion. But I respectfully dissent from the majority's conclusion that the court had no jurisdiction to entertain the challenge to his community-service sentence advanced in his motion.

{¶14} The Ohio Supreme Court has long recognized and has continued to "reaffirm" the "vital principle" that "[n]o court has the authority to impose a sentence that is contrary to law." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 8 and 23, citing *Colgrove v. Burns*, 175 Ohio St. 437, 438, 195

N.E.2d 811 (1964); *accord State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14; *State Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 7 and 15, citing *Colgrove* and *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).  The Supreme Court has applied this principle to carve out an exception to the general rule that sentencing errors do not render a judgment void, holding that "a sentence that is not in accordance with statutorily mandated terms is void."  *Fischer* at ¶ 7-8, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (modified on other ground in *Fischer* at paragraph two of the syllabus); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000); *Beasley*; *Colegrove.*  In turn, this court has followed the Supreme Court to hold that a sentence imposed outside the statutory range is void.  *See State v. Harmon*, 1st Dist. Hamilton No. C-070585, 2008-Ohio-4378; *State v. Washington*, 1st Dist. Hamilton No. C-050462, 2006-Ohio-4790; *State v. Tenhundfeld*, 1st Dist. Hamilton No. C-850661, 1986 Ohio App. LEXIS 6471  (Apr. 23, 1986).

{¶15}  The version of R.C. 2951.02 in effect when Braggs was sentenced authorized a term of community service "not exceed[ing] an aggregate of 200 hours."  R.C. 2951.02(H)(1)(a) (repealed in July 1, 1996).  In sentencing Braggs to 400 hours of community service, the trial court exceeded its statutory authority.  Thus, to the extent that Braggs was sentenced to a term of community service that was not in accordance with the statutorily mandated terms, the sentence is void.

{¶16}  The void portion of a sentence is subject to review at any time, whether on direct appeal or in a collateral proceeding, and "must be set aside."  *Fischer* at

paragraph one of the syllabus and ¶ 26-27.  But the correction of the offending part of the sentence must be accomplished before the offender has completed his sentence.  *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70*; Bezak* at ¶ 18; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 28; *accord State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24.

{¶17}  Braggs's sentence was void to the extent that the term of community service exceeded the statutory range.  I would, therefore, hold that the common pleas court had jurisdiction to review the challenge advanced in Braggs's postconviction motion and to vacate that portion of the sentence.  But because Braggs's "case [was] closed" in 1992, the void portion of his sentence could not be corrected.  I would, therefore, remand this matter to the common pleas court with instructions to vacate the void portion of the sentence and to note on the record that, because Braggs has completed his sentence, he cannot be resentenced to community service.  *See Bloomer* at ¶ 73; *Bezak* at ¶ 18; *accord State v. McCall*, 5th Dist. Muskingum No. CT2013-0014, 2013-Ohio-2653; *State v. Pullen*, 7th Dist. Mahoning No. 11 MA 10, 2012-Ohio-1498; *State v. Stewart*, 12th Dist. Butler No. CA2010-08-215, 2011-Ohio-2211; *see also Hernandez* at ¶ 32 (granting a writ of habeas corpus and ordering defendant's release from imprisonment for a postrelease-control violation and from further postrelease control, because postrelease-control notification was not given and defendant's journalized sentence had expired); *State v. Laney*, 6th Dist. Lucas No. L-10-1151, 2011-Ohio-135 (declaring the imposition of postrelease control void, when postrelease control was not properly imposed before defendant had served his sentence); *State v. Biondo*, 11th Dist. Portage No. 2008-P-0028, 2008-Ohio-6560

(ordering that postrelease control be terminated because postrelease control was not properly imposed before defendant had served his sentence).

{¶18} Finally, the Second Appellate District in *State v. Brandon*, 2d Dist. Greene No. 2005-CA-117, 2006-Ohio-4930, held that the defendant could collaterally challenge the imposition of a term of community service that exceeded the maximum term authorized by R.C. 2929.27, because that part of his sentence was void. The majority's holding here, that Braggs's sentence was not void to the extent that it imposed a term of community service exceeding the term provided by statute, conflicts with the Second District's decision in *Brandon*. Therefore, the majority should, as mandated by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Is a term of community service imposed outside the statutory range void and thus subject to review at any time?"

Please note:

The court has recorded its entry on the date of the release of this opinion.