[Cite as *State v. Wolfe*, 2016-Ohio-5607.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 16-CA-21 |
| DAVID A. WOLFE | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 2013CR00327 |
| JUDGMENT: | Reversed and Vacated |
| DATE OF JUDGMENT ENTRY: | August 22, 2016 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KENNETH W. OSWALT<br>Licking County Proseuctor<br>CHRISTOPHER REAMER<br>Assistant Prosecutor<br>20 S. Second Street<br>Newark, Ohio 43055 | ERIC M. HEDRICK<br>Assistant State Public Defender<br>250 East Broad Street, Suite 1400<br>Columbus, Ohio 43215 |

*Hoffman, J.*

{¶1}   Defendant-appellant David A. Wolfe appeals the March 8, 2016 Judgment Entry entered by the Licking County Court of Common Pleas, which denied his motion to vacate his judicial-sanction sentence.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2}   On December 7, 2009, Appellant was sentenced to an aggregate 21 month term of incarceration for various offenses, including one count of robbery, in violation of R.C. 2911.02(A)(3), a third degree felony, in Licking County Court of Common Pleas Case No. 09 CR 508.  As part of his sentence, the trial court imposed a three year period of post-release control.

{¶3}   On March 2, 2010, Appellant was sentenced to a term of incarceration of 11 months for possession of crack cocaine, a felony of the fifth degree, in Licking County Court of Common Pleas Case No. 09 CR 435.  The trial court ordered the sentence in Case No. 09 CR 435 to be served consecutively to the sentence in Case No. 09 CR 508. The sentencing entry in Case No. 09 CR 435 advised Appellant he would be subject to a three year period of post-release control.

{¶4}   Appellant completed his prison sentences in both cases and was released from prison on May 11, 2012.  Appellant was then placed on three years of post-release control.

{¶5}   On June 6, 2013, the Licking County grand jury indicted Appellant in Licking County Court of Common Pleas Case No. 13 CR 327, on two misdemeanor traffic offenses as well as failure to comply with the order or signal of a police officer, in violation of R.C. 2912.33(B)(C)(5)(a)(ii), a felony of the third degree. The state subsequently filed

a notice with the trial court, advising Appellant was subject to sentence enhancement for a violation of his post-release control. Attached to the notice was a document prepared by the Ohio Department of Rehabilitation and Corrections, which indicated Appellant was subject to three years of his post-release control for his robbery conviction in Case No. 09 CR 508.

{¶6} Appellant executed an admission of guilt form to the charges in Case No. 13CR327 on August 7, 2013. The form included language informing Appellant if he was presently on felony probation or parole his plea to the charge could result in an additional consecutive sentence. Appellant sent a letter to the trial court on August 20, 2013, requesting the trial court view a videotape related to the case. In his letter, Appellant stated, "[t]he prosecutor told my lawyer he was going to give me two years and two years P.R.C. ***". The trial court treated the letter as a motion to withdraw his guilty plea and set the matter for hearing on September 18, 2013, the date on which the trial court had originally scheduled sentencing.

{¶7} On September 18, 2013, Appellant appeared before the trial court and withdrew his motion to withdraw his guilty plea. The trial court found Appellant guilty as charged and sentenced him to an aggregate term of imprisonment of two years, and ordered the sentence to be served consecutive to Appellant's period of post-release control, 599 days. Appellant did not file an appeal from the sentence.

{¶8} On October 19, 2015, Appellant filed a motion to vacate the 599 day judicial-sanction sentence, arguing the language employed by the trial court in the 2009 sentencing entries in Case No. 09 CR 508 and 09 CR 435 was deficient, rendering his post-release control sanctions therein void. The state filed a memorandum contra,

arguing the language in the 2009 sentencing entries provided Appellant with adequate notice regarding post-release control; therefore, the sanctions were not void and Appellant should have raised any challenge thereto on direct appeal.

**{¶9}** Via Judgment Entry filed March 8, 2016, the trial court denied Appellant's motion to vacate. It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

**{¶10}** "I. THE TRIAL COURT ERRED BY DENYING MR. WOLFE'S MOTION TO VACATE HIS VOID JUDICIAL-SANCTION SENTENCE. R.C. 2929.19(B)(2); R.C. 2967.28. (MOT. TO VACATE JUDICIAL-SANCTION SENTENCE, OCT. 19, 2015, EX. A-E.)"

**{¶11}** This case has been assigned to the Court's accelerated calendar docket according to Ohio App.R. 11 and this Court's Loc.R. 6(B); therefore, pursuant to Ohio App.R. 11 governing accelerated calendar cases, "It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief conclusionary form."

**{¶12}** R.C. 2929.19(B)(2)(e) provides, at the sentencing hearing, the trial court must notify the offender if a period of supervision is imposed following his or her release from prison, and if the offender violates that supervision, then the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender. The trial court must notify the offender of the mandatory nature of the term of post-release control and the length of that mandatory term. *State v. Bloomer*, 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, ¶ 69. The trial court must also include

this notice in the sentencing entry. *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E. 2d 958, ¶ 11, 22.

{¶13} In *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held, in pertinent part, "A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.*, at paragraph one of the syllabus. See, also, *State v. Jordan*, 104 Ohio St.3d 21, 2004–Ohio–6085. In light of this voidness doctrine, where a prior sentence does not include a statutorily mandated term of post-release control in the sentencing entry, the trial court cannot order the remaining PRC time imposed upon a new violation and sentence. See *State v. Murphy*, 5th Dist. Muskingum No. CT2013–0028, 2014–Ohio–323, ¶ 7.

{¶14} In its December 7, 2009 Judgment Entry in Case No. 09 CR 508, the trial court stated:

> The Court informed the defendant that upon release from prison he would be subject to postrelease control for 3 years unless sooner terminated by the Adult Parole Authority.  The Court further notified the defendant that if he violates the conditions of postrelease control imposed by the Parole Board under Ohio Revised Code Section 2967.28, he could be returned to prison for up to nine months for those violations, and if the violation is a new felony, he could be returned to prison on the new felony as well.  *Id*. at 2, unpaginated.

{¶15} In its March 2, 2010 Judgment Entry in Case No. 09 CR 435, the trial court stated:

The Court sentences the defendant to a period of three (3) years of post-release control following any prison sentence imposed, and further the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code Section 2967.28, being the defendant is subject to being reincarcerated for a period of up to nine months, with a maximum for repeated violations of 50% of the stated prison term. If the violation is a new felony, the defendant may be returned to prison for the remaining period of control or 12 months, whichever is greater, plus receive a prison term for the new crime. *Id.* at 2, unpaginated.

**{¶16}** We find the trial court did not properly impose post-release control in Case No. 09 CR 508. The sentencing entry therein states, if Appellant violated the terms of his post-release control, "he could be returned to prison for up to nine months for those violations". This statement is erroneous. In actuality, if Appellant violated the conditions of his post-release control, "the parole board may impose a prison term of up to one-half of the prison term originally imposed", i.e., one-half of twenty-one months. Further, the trial court did not expressly advise Appellant post-release control was mandatory.

**{¶17}** Likewise, the trial court did not properly impose post-release control in Case No. 09 CR 435. The sentencing entry therein sentenced Appellant to a mandatory period of post-release control of three years. Because Appellant was convicted of a fourth-degree felony, he was only subject to a discretionary period of post-release control. R.C. 2967.28(C).

**{¶18}** We conclude the trial court's imposition of post-release control in the 2009 cases was void. Because Appellant has already completed the stated prison terms for the

2009 convictions, the trial court no longer has the authority to correct the improper language. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462; *State v. McCall*, 5th Dist. No. CT 2013-0014, 2013-Ohio-2653. Therefore, the imposition of post-release control remains void, as if such had never been imposed. Accordingly, the trial court could not impose post-release control sanctions based upon the 2009 convictions in Case No. 13 CR 327.

**{¶19}** Appellant's sole assignment of error is sustained.

**{¶20}** The judgment of the Licking County Court of Common Pleas is reversed and the 599 day judicial sanction sentence Appellant received for violating post-release control is vacated.

By: Hoffman, J.

Farmer, P.J. and

Delaney, J. concur