[Cite as *State v. Williams*, 2024-Ohio-1148.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230333 |
| | | TRIAL NO. B-1501161 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHRIS WILLIAMS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal: March 27, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Chris Williams,* pro  se.

ZAYAS, **Presiding Judge**.

{¶1}  Defendant-appellant Chris Williams appeals the judgments of the Hamilton County Court of Common Pleas denying his 2017 petition for postconviction relief and dismissing his 2019 successive petition for postconviction relief.  For the following reasons, we affirm the lower court's judgments.

## Factual and Procedural History

{¶2}  Following a jury trial in 2016, Williams was convicted of two counts of rape of a child under the age of ten and sentenced to two consecutive life terms.  The victims were Williams's two young daughters, who separately reported to their mother the abuse that had occurred while they were on overnight visits with Williams.  Prior to trial and in open court, Williams rejected a plea offer by the state, against the advice of counsel, that would have included only a six-year sentence.  We affirmed his convictions and sentences on direct appeal, overruling several assignments of error including an Eighth-Amendment challenge to the sentences.  *State v. Williams*, 2017-Ohio-8898, 101 N.E.3d 547 (1st Dist.), *discretionary appeal not allowed*, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155.

{¶3}  On September 6, 2017, Williams filed a petition for postconviction relief setting forth the following claims: (1) trial counsel was ineffective for failing to call mother's boyfriend, a registered sex offender, as a witness; (2) trial counsel was ineffective for failing to investigate the mother of the victims (Williams claimed that mother only reported the crimes after she had discovered that Williams was seeking visitation with his daughters); (3) his due-process rights were violated when the trial court denied him reasonable bond and where the indictment listed a period of time over which the offenses occurred instead of a specific date; and (4) his sentences violated the Eighth Amendment.  In support of his two ineffective-assistance-of-counsel claims, Williams submitted the affidavit of his girlfriend who attested that mother's boyfriend attended the victims' birthday party in July 2013, as well as a

document from an offender-registration website indicating that mother's boyfriend was a registered sex offender, and the affidavit of Williams's case manager at Talbert House, who attested that he had assisted Williams in "filling out visitation forms for Warren and Hamilton Counties" and that Williams "sought assistance with completing a custody packet" in October 2014.

{¶4}     The trial court summarily denied the petition.

{¶5}     Two years later, in December 2019, Williams filed a successive petition for postconviction relief.  In his first three grounds for relief, he asserts that his trial counsel was ineffective for (1) failing to call mother's boyfriend as a witness; (2) failing to allow Williams to direct his own defense; and (3) providing "erroneous legal advice" with respect to the state's plea offer.  In his fourth ground for relief, he argues that the trial court lacked subject-matter jurisdiction over his felony trial.

{¶6}     With respect to the first three grounds for relief, Williams argues that he only rejected the state's plea offer because his trial counsel had promised that he would call mother's boyfriend as a witness at trial.  In support of these claims, Williams submits the affidavits of his girlfriend and mother, both of whom attested that trial counsel was supposed to call mother's boyfriend as a witness.  Williams's girlfriend also testified that trial counsel had pressured Williams to accept the state's plea offer.

{¶7}     The common pleas court dismissed Williams's 2019 petition as untimely.

{¶8}     Bringing forth five assignments of error, Williams now appeals the denial of his 2017 petition and the dismissal of his 2019 petition.

**No Jurisdiction to Consider 2019 Petition for Postconviction Relief**

{¶9}     Williams's first, second, third, and fifth assignments of error address the 2019 petition and can reasonably be read together to challenge the dismissal of the petition.

**{¶10}** To be timely, a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). However, a common pleas court may entertain a late postconviction petition if it satisfies the jurisdictional requirements of R.C. 2953.23. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which the postconviction claims depend, or that the postconviction claims are predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the petition had expired. R.C. 2953.23(A)(1)(a). And the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b). If the petitioner does not satisfy those jurisdictional requirements, the petition is subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A). Additionally, a trial court is not required to issue findings of fact and conclusions of law when dismissing an untimely or successive petition for postconviction relief. *State ex rel. Kimbrough v. Greene,* 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6.

**{¶11}** Here, the trial transcript was filed in Williams's direct appeal on August 8, 2016. A supplemental transcript was filed on September 6, 2016, which transcribed several pretrial hearings. Even if we use the later date of September 6, 2016, to reflect the filing of the transcript in the direct appeal, Williams's successive petition filed in September 2019 was beyond the 365-day period and thus, untimely.

**{¶12}** Williams argues that even though his petition was untimely, the court had subject-matter jurisdiction to consider his petition under R.C. 2953.23. He contends that he was unavoidably prevented from discovering the facts on which his postconviction claims depend because his appellate counsel had failed to turn over

4

Williams's case file until recently. But Williams did not need to access his case file to discover the facts upon which his postconviction claims depended. According to his own argument, he had rejected the state's plea offer solely based on his trial counsel's alleged guarantee that mother's boyfriend would testify at trial. And, at the time the jury returned its verdict in 2016 finding Williams guilty of the charged offenses, Williams knew that mother's boyfriend had not testified at his trial. Thus, Williams was aware of the facts underlying his claims for ineffective assistance of counsel well within the time period necessary to file a timely petition for postconviction relief.

{¶13} Because Williams has not demonstrated that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depend and does not argue that his claims are based on a new right recognized by the United States Supreme Court, Williams has not met the jurisdictional requirements of R.C. 2953.23. Accordingly, we hold that the common pleas court did not have subject-matter jurisdiction to consider the merits of the 2019 postconviction petition and properly dismissed it.

{¶14} With respect to Williams's fourth claim that the trial court lacked subject-matter jurisdiction over his felony trial, we recognize that a defendant may raise a challenge to a trial court's jurisdiction at any time. *See Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 98 N.E.2d 949, ¶ 9 (1st Dist.). However, Williams chose to raise this challenge in an untimely postconviction petition, which we have held was properly dismissed. But even if the court could have considered Williams's claim, it would have been properly denied because a common pleas court has subject-matter jurisdiction over felony offenses. *See* Article IV, Section 4(A), Ohio Constitution; R.C. 2931.03; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases.").

{¶15} The first, second, third, and fifth assignments of error are overruled.

**2017 Petition Properly Denied**

{¶16}   In his fourth assignment of error, Williams contends that "the trial court abused its discretion when it did not * * * make a timely judgment and service of judgment."   Under this assignment, Williams appears to be arguing that he was denied the opportunity to exercise his right to appeal the denial of his 2017 petition.   While the record demonstrates that he was not served with a copy of the judgment entry denying his 2017 petition as required by Civ.R 58(B), the lack of prompt service in this case did not prevent him from appealing the court's judgment denying his 2017 petition.   The record demonstrates that on June 21, 2023, Williams filed a notice of appeal from the denial of his 2017 petition, which this court accepted as timely-filed. *See State v. Young*, 1st Dist. Hamilton No. C-140236, 2015-Ohio-774, ¶ 4 (recognizing that a petition for postconviction relief is civil in nature and where the denial of a petition is not served within the three-day period required under Civ.R. 58(B), the time to file an appeal is tolled until service is complete).   Because Williams was aware of the denial of his petition and then filed a notice of appeal from that judgment, we cannot say that the trial court's failure to promptly serve him with the judgment entry prevented Williams from exercising his right to appeal.

{¶17}   Williams has not raised any other challenges to the denial of his 2017 petition except to generally argue that it was timely and meritorious.   Even if we accept Williams's argument that his petition was timely filed using the date that the supplemental transcripts were filed in his direct appeal, we cannot say, after a complete review of the record, that the lower court abused its discretion denying the petition where the postconviction claims were either barred by law or lacked merit. With respect to Williams's claim asserting a due-process challenge to his bail and indictment, we note that a challenge to pretrial bail is moot following a conviction, *see State v. Hughbanks*, 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081, ¶ 35, and that a defendant may not collaterally attack his or her conviction based on a defective

indictment, *see State v. Reed*, 2d Dist. Clark No. 2021-CA-59, 2022-Ohio-3461, ¶ 21. Additionally, Williams's challenge to his sentences is barred by res judicata, as that challenge was previously litigated in his direct appeal. *See generally State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶18} Finally, with respect to his ineffective-assistance-of-counsel claims, Williams did not present substantive grounds for relief. The evidence he submitted in support of his claims did not demonstrate that trial counsel's performance was deficient or that Williams was prejudiced by trial counsel's decision to refrain from calling mother's boyfriend as a witness or investigating mother's timing in reporting the abuse where counsel chose to rely on his cross-examination of mother at trial to explore these issues. Additionally, none of the evidence submitted with Williams's 2017 petition contradicted mother's trial testimony that she had dated a man who was required to register as a sex offender, but had not been dating him during the time the charged offenses occurred, nor did it contradict her testimony that Williams had not filed a motion or petition seeking visitation or custody of the children with any court and thus, she did not know of his plans, and that prior to learning of the abuse, mother was the one who had initiated and encouraged visitation between Williams and the children.

{¶19} Because Williams was not prevented from appealing the denial of his 2017 petition and because his petition was properly denied, we overrule the fourth assignment of error.

{¶20} Having overruled all five assignments of error, we affirm the judgments of the common pleas court.

Judgments affirmed.

**WINKLER** and **KINSLEY, JJ.,** concur.

Please note:

7

The court has recorded its own entry on the date of the release of this opinion.