[Cite as *Williams v. Hamilton Cty. Prosecutor*, 2025-Ohio-3298.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | APPEAL NO.   C-240504<br>TRIAL NO.    A-2402974 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| HAMILTON COUNTY PROSECUTOR, | : | *JUDGMENT ENTRY* |
| and | : | |
| OHIO ATTORNEY GENERAL, | : | |
| Defendants-Appellants. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 9/12/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *Williams v. Hamilton Cty. Prosecutor*, 2025-Ohio-3298.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

CHRISTOPHER-MICHAEL WILLIAMS, :

    Plaintiff-Appellant, :

vs. :

HAMILTON COUNTY PROSECUTOR, :

    and :

OHIO ATTORNEY GENERAL, :

    Defendants-Appellees. :

APPEAL NO.   C-240504
TRIAL NO.    A-2402974

*O P I N I O N*

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 12, 2025

*Christopher-Michael Williams,* pro se,

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Defendant-Appellee Hamilton County Prosecutor,

*Dave Yost,* Ohio Attorney General, *Mark D. Tucker*, *James P. Reising,* and *Julie M. Pfeiffer,* Assistant Attorneys General, for Defendant-Appellee Ohio Attorney General.

**KINSLEY, Presiding Judge.**

{¶1} Plaintiff-appellant Christopher-Michael Williams appeals the trial court's judgment dismissing his declaratory judgment action. Because a declaratory judgment action may not be used to collaterally attack a conviction, we affirm the trial court's judgment.

## I.  Factual and Procedural History

{¶2} Following a jury trial in 2016, Williams was convicted of two counts of rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b). The two victims were Williams's young daughters. The trial court imposed a life sentence for each count and ordered the sentences to be served consecutively. Williams unsuccessfully challenged his convictions and sentences on direct appeal and in two postconviction petitions filed in 2017 and 2019. *State v. Williams*, 2017-Ohio-8898 (1st Dist.); *State v. Williams*, 2024-Ohio-1148 (1st Dist.).

{¶3} In July 2024, Williams filed a complaint for a declaratory judgment seeking a declaration that R.C. 2907.01(A) is unconstitutional because its definition of "sexual conduct" is vague and ambiguous. He takes issue with the phrase "however slight" in the definition:

> 'Sexual Conduct' means vaginal intercourse between a male and female
> . . . and, without privilege to do so, the insertion, *however slight*, of any
> part of the body . . . into the vaginal . . . opening of another. Penetration,
> *however slight*, is sufficient to complete vaginal . . . intercourse.

(Emphasis added.) R.C. 2907.01(A). Williams argues that the phrase "however slight" is unconstitutionally vague and, because that phrase does not indicate a specific "measurement," then this results in some people being charged with rape and others with gross sexual imposition, solely at the whim of the prosecutor. Thus, he argues

3

that his convictions for rape, which were based on this vague definition of "sexual conduct," should be vacated, and he should be released from prison immediately.

**{¶4}** He also argues, and seeks a declaration, that his due process rights were violated at his criminal trial because his trial counsel was constitutionally ineffective, the State failed to prove his guilt beyond a reasonable doubt, and the prosecutor allegedly lied to the grand jury about whether Williams had confessed to the criminal conduct. Finally, he contends that his convictions violate equal protection guarantees in the Ohio and United States Constitutions because he was charged with rape instead of gross sexual imposition.

**{¶5}** In his complaint, Williams sued both the Hamilton County Prosecutor ("the county prosecutor") as well as the Ohio Attorney General ("the AG"). Before the AG could file a response to Williams's complaint, the county prosecutor moved to dismiss the action, arguing that Williams did not meet the justiciability requirement of a declaratory judgment action, which limits such actions to an actual or "live" controversy. In support, the county prosecutor cited this court's decision in *State v. Braggs*, 2013-Ohio-3364 (1st Dist.), where we held that "because of the justiciability requirement, a declaratory judgment action does not provide a means for determining whether previously-adjudicated rights were properly decided." *Id.* at ¶ 7. The trial court, agreeing with the county prosecutor that a justiciable controversy did not exist, dismissed the complaint for failure to state a claim.

**{¶6}** Williams now appeals, raising four assignments of error, which can reasonably be read together to challenge the dismissal of his action.

## II. Analysis

**{¶7}** To obtain a declaratory judgment, a plaintiff must demonstrate (1) a real controversy exists between the parties, (2) the controversy is justiciable in character,

and (3) speedy relief is necessary to preserve the rights of the parties. *Moore v. Middletown*, 2012-Ohio-3897, ¶ 49. A trial court properly dismisses a declaratory judgment action under Civ.R. 12(B)(6) where there is no justiciable controversy between the parties. *Redman v. Sheward*, 2018-Ohio-2609, ¶ 7 (10th Dist.).

{¶8} We review de novo dismissals by the trial court under Civ.R. 12(B)(6). *Tri-State Computer Exchange, Inc. v. Burt*, 2003-Ohio-3197, ¶ 11 (1st Dist.). However, "[j]usticiability is a threshold requirement for a declaratory judgment." *Browne v. Artex Oil Co.*, 2019-Ohio-4809, ¶ 44, citing *Arnott v. Arnott*, 2012-Ohio-3208, ¶ 10. We review a trial court's decision regarding justiciability of a declaratory judgment action for an abuse of discretion. *Arnott* at ¶ 13.

{¶9} A justiciable controversy is one where "[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events . . ." and there is "a genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *High St. Props. L.L.C. v. City of Cleveland*, 2015-Ohio-1451, ¶ 29 (8th Dist.), citing *Mid-Am. Fire & Cas. Co. v. Heasley*, 2007-Ohio-1248, ¶ 9, and *Brewer v. Middletown*, 1992 Ohio App. LEXIS 3983, *10 (12th Dist. Aug. 3, 1992).

{¶10} Upon careful review of the record, we hold that Williams has not presented a justiciable controversy in his declaratory judgment action. Instead, what Williams is attempting to do is collaterally attack his rape convictions, something that he cannot do in a declaratory judgment action. *State v. Lingo*, 2014-Ohio-1052. In *Lingo*, the Ohio Supreme Court explained,

> Although the purpose of the [declaratory judgment] act is to declare
> rights in the face of uncertainty, it is well settled that declaratory
> judgment is not a proper vehicle for determining whether rights that

were previously adjudicated were properly adjudicated. For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process. Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate. A declaratory-judgment action cannot be used as a substitute for any of these remedies.

(Cleaned up.) *Id.* at ¶ 44; *see Braggs*, 2013-Ohio-3364, at ¶ 6 (1st Dist.) (holding a declaratory judgment action cannot be used as "a means for mounting a collateral challenge to a criminal conviction.").

{¶11} Here, Williams's complaint for declaratory judgment requested that his convictions be vacated because of the unconstitutionality of the statute defining sexual conduct and he requested that he immediately be released from prison. The arguments in his complaint before the trial court all focused on alleged errors that occurred at his criminal trial and why those errors necessitate the reversal of his convictions. Accordingly, we agree with the trial court that, in essence, Williams was attempting to collaterally attack his convictions via a declaratory judgment action.

{¶12} Williams argues that his action presents a justiciable controversy because he is still in prison based upon what he contends is an unconstitutional criminal statute. But he is in prison because the controversy between him and the State was previously litigated at trial. He cannot now use a declaratory judgment action to determine whether that controversy, i.e., whether he was guilty of rape, was properly adjudicated. Instead, "[t]he criminal appellate and postconviction review processes remain the sole avenues for redress." *Lingo* at ¶ 45; *see* R.C. 2953.21(K) (except for direct appeals, the relief set forth in R.C. 2953.21 is the exclusive remedy

6

by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case).

**{¶13}** Because Williams's complaint is a collateral attack on his convictions, we cannot say that the trial court abused its discretion in determining that he had failed to present a justiciable controversy in his declaratory judgment action. And because there was no justiciable controversy presented in his complaint, the trial court did not err by dismissing his complaint for failure to state a claim. The four assignments of error are overruled.

### III. Conclusion

**{¶14}** Having overruled all four assignments of error, we affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **MOORE, JJ.,** concur.